IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 7:15-CV-00131 |
| v. | ) ) | COMPLAINT |
| GREEN MANOR REST HOME, INC., and ZEDDIE GREEN, in her capacity as Guarantor, | ) ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission") brings this action under Title VII of the Civil Rights Act of 1964 to enforce a Conciliation Agreement resolving a charge of discrimination filed with the Commission. The Commission alleges that it entered into a Conciliation Agreement with Defendant Green Manor Rest Home, Inc. and Defendant Zeddie Green on September 7, 2014, in settlement of a charge of discrimination filed by Charging Party Joan Oxendine. The Commission further alleges that Defendant Green Manor Rest Home, Inc. and Defendant Zeddie Green breached the Conciliation Agreement by failing and refusing to abide by the terms thereof.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII").

2. The breach of contract alleged to be unlawful was committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina, Southern Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Green Manor Rest Home, Inc. has continuously been a North Carolina corporation doing business in the State of North Carolina and the City of Parkton and has continuously had at least 15 employees.

5. At all relevant times, Defendant Green Manor Rest Home, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

6. At all relevant times, Defendant Zeddie Green has continuously been a resident of the State of North Carolina and the City of Parkton.

## STATEMENT OF CLAIMS

7. On November 1, 2012, Joan Oxendine filed Charge No. 433-2013-00106 (the "Charge") with the Commission, alleging violations of the Americans with Disabilities Act (the "ADA") by Defendant Green Manor Rest Home, Inc. In the Charge, Oxendine alleged that Defendant Green Manor Rest Home, Inc. discharged her because of her disability in violation of the ADA.

8. The Commission investigated the Charge and issued a Letter of Determination on August 22, 2014. In the Letter of Determination, the Commission found that Defendant Green Manor Rest Home, Inc. had violated the ADA when it discharged Oxendine because of her disability. The Commission thereafter successfully settled Oxendine's ADA claim through voluntary conciliation with Defendant Green Manor Rest Home, Inc., Defendant Zeddie Green, and Oxendine. The terms of the settlement were memorialized in a "Conciliation Agreement" signed by Oxendine, Defendant Green Manor Rest Home, Inc., and Defendant Zeddie Green, in her capacity as Guarantor, on September 2, 2014, and signed by the Commission on September 7, 2014. A true and correct copy of the Conciliation Agreement is attached hereto as <u>Exhibit A</u> and incorporated herein by reference.

9. Under the terms of the Conciliation Agreement, Defendant Green Manor Rest Home, Inc. was required: (1) to pay Oxendine the sum of $85,876 in settlement of her claims through six equal monthly payments in the amount of $14,312.67 beginning September 15, 2014, with the last payment to be made on February 15, 2015; (2) to provide training on the ADA to all of its employees; and (3) to review all of its personnel files to ensure that said files did not contain employee medical information in violation of the ADA.

10. Defendant Green Manor Rest Home, Inc. has made two payments to Oxendine in the amount of $14,312.67 each, as required under the Conciliation Agreement, but has failed and refused to pay Oxendine the remaining balance of $57,250.66 that it promised to pay her under the terms of the Conciliation Agreement. In addition, Defendant Green Manor Rest Home, Inc. has failed to provide training on the ADA to all of its employees or to review all of its personnel files to ensure that said files did not contain employee medical information.

11. Defendant Green Manor Rest Home, Inc. has breached the Conciliation Agreement by failing and refusing to comply with the terms thereof.

12. Under the terms of the Conciliation Agreement, Defendant Zeddie Green agreed to be personally liable for the sum of $85,876 owed to Oxendine in the event that Defendant Green Manor Rest Home, Inc. failed to make any of the six required payments.

13. Defendant Zeddie Green has failed and refused to pay Oxendine the remaining amounts due under the terms of the Conciliation Agreement.

14. Defendant Zeddie Green has breached the Conciliation Agreement by failing and refusing to comply with the terms thereof.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Order Defendant Green Manor Rest Home, Inc. to pay Joan Oxendine the sum of $57,250.66, the remaining amount due under the Conciliation Agreement, plus interest as allowed by law.

B. Order Defendant Green Manor Rest Home, Inc. to pay the legal costs associated with the collection of the amount due and owing.

C. Order Defendant Green Manor Rest Home, Inc. to make Oxendine whole, by providing compensation for past and future pecuniary losses resulting from the breach of the Conciliation Agreement, in amounts to be determined at trial.

D. Order Defendant Zeddie Green to pay Joan Oxendine the sum of $57,250.66, the remaining amount due under the Conciliation Agreement, plus interest as allowed by law, in the event that Defendant Green Manor Rest Home, Inc. fails to do so.

E. Order Defendant Zeddie Green to pay the legal costs associated with the collection of the amount due and owing in the event that Defendant Green Manor Rest Home, Inc. fails to do so.

F. Order Defendant Zeddie Green to make Oxendine whole, by providing compensation for past and future pecuniary losses resulting from the breach of the Conciliation Agreement in the event that Defendant Green Manor Rest Home, Inc. fails to do so, in amounts to be determined at trial.

G. Order Defendant Green Manor Rest Home, Inc. to provide training on the Americans with Disabilities Act to all of its employees and to review all of its personnel files to ensure that said files did not contain employee medical information in violation of the ADA.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs in this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 15th day of June, 2015.

> Respectfully submitted,
>
> U.S. EQUAL EMPLOYMENT
> OPPORTUNITY COMMISSION
>
> P. DAVID LOPEZ
> General Counsel
>
> JAMES L. LEE
> Deputy General Counsel
>
> GWENDOLYN YOUNG REAMS
> Associate General Counsel

/s/ Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, NC  28202

/s/ Katherine A. Zimmerman
KATHERINE A. ZIMMERMAN
NC Bar No. 36393
Trial Attorney
Raleigh Area Office
434 Fayetteville Street, Suite 700
Raleigh, NC 27601
Phone:  (919) 856-4148
Fax:     (919) 856-4156
katherine.zimmerman@eeoc.gov

ATTORNEYS FOR PLAINTIFF